# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**DANA ECHARD, individually
and on behalf of the wrongful
death beneficiaries of
Leslie Eubank,**

    **Plaintiff,**

**v.**                                    **Civ. Action No. 1:17-cv-206
                                           (Judge Kleeh)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 4]**

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 4]. For the reasons discussed below, the Court grants the Motion.

### I.    PROCEDURAL HISTORY

On December 1, 2017, the Plaintiff, Dana Echard ("Plaintiff"), individually and on behalf of the wrongful death beneficiaries of Leslie Eubank ("Mr. Eubank"), filed this action against the United States of America ("Defendant"). Plaintiff brings a medical negligence claim under the Federal Tort Claims Act ("FTCA") based on the acts or omissions of Dr. James B. Hill ("Dr. Hill"), an employee of the Department of Veterans Affairs

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 4]**

(the "VA"). On February 12, 2018, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss"). The Honorable Irene M. Keeley, United States District Judge, issued a First Order and Notice Regarding Discovery and Scheduling (the "First Order"). The Motion to Dismiss was fully briefed, and the parties jointly moved to stay the First Order until the Court resolved the Motion to Dismiss. The Court granted that motion, but the entire case was incorrectly marked as "stayed." The case was then transferred to the Honorable Thomas S. Kleeh, United States District Judge, on December 1, 2018.

## II. STANDARD OF REVIEW

Rule 12 of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The burden of proving subject matter jurisdiction on a motion to dismiss lies with the party asserting jurisdiction. CSX Transp., Inc. v. Gilkison, No. 5:05CV202, 2009 WL 426265, at *2 (N.D.W. Va. Feb. 19, 2009). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of the jurisdictional claims. Id. at *2.

### III. BACKGROUND

**A.  Medical Treatment**

Mr. Eubank had a significant medical history, including hyperkalemia, or excess potassium in the blood as a result of kidney disease. Id. ¶ 15. In early 2015, Mr. Eubank was treated at the Louis A. Johnson VA Medical Center (the "Clarksburg VA"). Id. ¶ 13. His discharge summary recited his history of hyperkalemia, noted that kayexalate was an active prescription, and indicated the continued need to monitor his potassium levels. Id. ¶ 17. When he left the Clarksburg VA, his lab values were stable and normal, given his medical history. Id. ¶ 18. Mr. Eubank then began treatment with Dr. Hill at the West Virginia Veterans Nursing Facility ("WVVNF").[1] Id. ¶¶ 2, 5. Dr. Hill was an employee of the VA while providing health care at WVVNF, but this was unknown to Plaintiff. Def. Memo, ECF No. 5, at 2. Mr. Eubank was a resident at WVVNF from April 14, 2015, to May 3, 2015. Compl., ECF No. 1, at ¶ 2.

On May 3, 2015, at the request of Mr. Eubank's wife, Mr. Eubank was transferred to the Clarksburg VA again for evaluation of poor intake. Id. ¶ 23. At the Clarksburg VA, it was noted that

---

[1] WVVNF is a state-run nursing facility.

Mr. Eubank showed a high white blood cell count, high BUN, creatinine, sodium, and potassium. Id.

Later on the same day, Mr. Eubank was transferred to United Hospital Center ("UHC"). ¶ 24. He was experiencing severe abdominal pain and black liquid stool that was positive for blood. Id. Mr. Eubank's mouth was also dry and crusty, his bowel sounds were decreased, and his skin was dry. Id. At UHC, he was diagnosed with acute gastrointestinal bleed with anemia secondary to acute C-difficile colitis; acute on chronic kidney disease; hyperkalemia; hypernatremia; and hypotension. Id. ¶ 25. He underwent dialysis but ultimately was transferred to the hospital's transitional care unit, where he died on May 11, 2015. Id.

B. Legal Actions

On November 28, 2016, Plaintiff sent a Notice of Claim and Screening Certificate of Merit on WVVNF via the West Virginia Attorney General, Patrick Morrisey; its Administrator, Kevin Crickard; and Billy Wayne Bailey, Secretary of the West Virginia Department of Veterans Assistance. Id. ¶ 26. On April 17, 2017, Plaintiff filed a Complaint in the Circuit Court of Kanawha County, West Virginia, naming the WVVNF as the sole defendant. Id. ¶ 29. In April 2017, during the course of the Kanawha County lawsuit, Plaintiff learned of Dr. Hill's potential employment with the

federal government. Id. ¶ 30. On May 10, 2017, Plaintiff sent a Screening Certificate of Merit, a Notice of Claim, and a FTCA claim form to Dr. Hill at the WVVNF, to the United States Attorney for the Northern District of West Virginia, to the VA in Washington, DC, and to the Attorney General of the United States. Id. ¶ 34. These documents were received by these addressees on May 11, May 11, May 12, and May 16, 2017,[2] respectively. Id.[3]

Plaintiff now brings a medical negligence claim against Defendant under the FTCA based on the care — or lack thereof — provided to him by Dr. Hill at WVVNF. She argues that Dr. Hill failed to prescribe kayexalate and failed to monitor Mr. Eubank's potassium levels. Id. ¶ 22. Plaintiff alleges that Dr. Hill's deviations from the standard of care caused Mr. Eubank to suffer from a number of injuries, including death.

---

[2] Plaintiff's Complaint writes that these documents were received in 2015, but the Court assumes this is a typographical error.
[3] On June 23, 2017, Plaintiff filed an Amended Complaint in state court and added Dr. Hill as a defendant. Id. ¶ 35. The United States defended Dr. Hill and removed the case to the United States District Court for the Southern District of West Virginia. Id. ¶ 36. It then sought to substitute the United States for Dr. Hill and sought a dismissal on the basis of failure to exhaust administrative remedies. Id. Plaintiff agreed to a dismissal without prejudice, and Judge Copenhaver dismissed the claims. Id. ¶ 37.

## IV.  DISCUSSION

Federal courts generally lack subject matter jurisdiction to address lawsuits against the federal government unless the United States expressly consents to be sued by waiving sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994). The FTCA, 28 U.S.C. § 1346, is a waiver of sovereign immunity when the federal government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred" for certain torts, such as negligence, committed by federal government employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1).

The FCTA provides the following statute of limitations:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

### A.  **Plaintiff knew or should have known of Mr. Eubank's injury on May 3, 2015.**

The United States Court of Appeals for the Fourth Circuit has held that "a claim accrues within the meaning of Section 2401(b) when the plaintiff knows or, in the exercise of due diligence,

should have known both the existence and the cause of his injury." Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 742 (4th Cir. 1990). A claim will accrue even if the claimant does not know the precise medical reason for the injury, provided that he knows or should know that some aspect of the medical treatment caused the injury. See Kerstetter v. United States, 57 F.3d 362, 364–65 (4th Cir. 1995). "[O]nce the claimant is 'in possession of the critical facts that he has been hurt and who has inflicted the injury,' the claimant has a duty to make diligent inquiry into whether the injury resulted from a negligent act." United States v. Kubrick, 444 U.S. 111, 122 (1979). The full extent of the injury need not be known. Bohrer v. City Hosp., Inc., 681 F. Supp. 2d 657, 665 (N.D.W. Va. 2010).

In a medical negligence claim under the FTCA, a claim accrues when the plaintiff is "put on notice of an injury and would have discovered the likely cause of this injury had he exercised due diligence." Hahn v. United States, 313 Fed. App'x 582, 586 (4th Cir. 2008). In Hahn, a veteran was complaining of severe weakness in his limbs. Id. at 583. Medical personnel were instructed that he was to receive intravenous immunoglobulin treatment for five days, but he only received treatment for one day. Id. After he was discharged, he began to consult with other doctors because he was

unsatisfied with his recovery. Id. Hahn later filed an FTCA action against the United States, alleging that he received negligent medical treatment. Id. The court, finding that his claim accrued when he began to consult with other doctors, wrote: "Given Hahn's dissatisfaction with his level of recovery at the time of discharge, together with his subsequent consultations with other doctors, he was put on notice of an injury." Id. at 585-86 (adding that he "would have discovered the likely cause of this injury had he exercised due diligence").

Here, like in Hahn, Mr. Eubank was transferred to another provider because, presumably, his family was not satisfied with the quality of care he received at WVNNF. The Complaint states as follows:

> On May 3, 2015, Mr. Eubank was transferred to the VA Medical Center **at the request of his wife**, for evaluation of poor intake. Laboratory studies showed a high white blood cell count (indicative of infection), high BUN, creatinine, sodium, and most significantly, potassium. These values taken together demonstrate severe acute on chronic renal failure as a result of the underlying disease and untreated hyperkalemia compounded by dehydration.

See Compl., ECF No. 1, at ¶ 23 (emphasis added). Later on the same day, Mr. Eubank was transferred to UHC: "Upon arrival at UHC, Mr. Eubank was having severe abdominal pain and black liquid stool

that was positive for blood. His mouth was dry and crusty, bowel sounds were decreased, and his skin was dry." Id. ¶ 24. The report from UHC provides: "**The patient's wife states that over the past 2 weeks, the nursing home has not been taking care of her husband**." See ECF No. 8-1 at 2 (emphasis added).

Given that Mr. Eubank was experiencing severe symptoms, his wife was the one to request his transfer to the Clarksburg VA, and his wife told UHC that the nursing home was not taking care of him, the Court finds that Plaintiff was put on notice on May 3, 2015, of the existence of an injury and the cause of the injury. Plaintiff knew or should have known on May 3, 2015, that Mr. Eubank was suffering from an injury due to medical care he received (or failed to receive) from Dr. Hill at WVVNF.

**B. Plaintiff did not notify the United States in a timely manner.**

A claim must be presented to the proper governmental entity within two (2) years of its accrual. 28 U.S.C. § 2401(b). A claim is deemed presented when a Federal agency **receives** notice of it. 28 C.F.R. § 14.2(a) (emphasis added). Here, Plaintiff states that she sent a Screening Certificate of Merit, a Notice of Claim, and an FTCA form to Dr. Hill at the WVVNF, to the United States Attorney for the Northern District of West Virginia, and to the VA in Washington, DC, on May 10, 2017. See Compl., ECF No. 1, at ¶¶ 33-

34. By Plaintiff's own admission, no federal entities received these documents until May 11, 2017. Id. This all occurred over two years after May 3, 2015. Therefore, Defendant was not timely notified of the claim, and it is barred by the statute of limitations.

### C. Plaintiff is not entitled to equitable tolling.

Generally, a federal court may equitably toll a statute of limitations when a party shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) ("citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is an "extraordinary" remedy limited to those occasions when "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchison, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling can also apply to presentment of a claim in an FTCA action. See Wong v. United States, 575 U.S. 402 (2015).

Here, Plaintiff is not entitled to equitable tolling because no facts suggest that an extraordinary circumstance exists. No evidence indicates that the federal government actively prevented Plaintiff from asserting her claim, nor is there any evidence that the federal government engaged in any wrongful conduct related to

her claim. Plaintiff's argument that she had no reason to know that Dr. Hill was a federal employee is unpersuasive. There is nothing in the record to indicate that Plaintiff's counsel made attempts to discern the identity of Dr. Hill's employer. See Gould, 905 F.2d at 745 (noting same and finding that plaintiffs were not entitled to equitable tolling due to lack of due diligence). It is clear here that due diligence, by way of an internet search or otherwise, would have led Plaintiff to discover that Dr. Hill worked for the VA.

Circumstances in this case do not rise to the level of "extraordinary." As the Fourth Circuit has said, "Although we recognize the hardship resulting to the plaintiffs in this case, we have no choice but to apply the law as written. To accept plaintiffs' arguments would be rewriting the FTCA to allow broad, open-ended exceptions to §§ 2675(a) and 2401(b)." Gould, 905 F.2d at 747. Accordingly, equitable tolling should not apply in Plaintiff's case. This action is barred by Section 2401(b) of the FTCA.

## V. CONCLUSION

For the reasons discussed above, the Government's Motion to Dismiss [ECF No. 4] is **GRANTED** for lack of subject matter

**ECHARD V. USA**                                                    **1:17-CV-206**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 4]**

jurisdiction. This action **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: March 30, 2020

                                                /s/ Thomas S. Kleeh
                                                THOMAS S. KLEEH
                                                UNITED STATES DISTRICT JUDGE